[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This court has jurisdiction to hear this appeal. The plaintiff has pled sufficient facts (i.e., that it must restore some of the payments it made as trustee) in its motion for appeal from probate. The requirements of General Statutes § 45a-191 have been met because, as trustee, the plaintiff has an interest in the funds of the trust, and restoring the funds of the trust as per the Probate Court's order and decree will have an adverse effect on the plaintiff. In addition, it is clear from the 1998 Probate Court order and decree, striking a 1991 amendment to the will, that: (1) the plaintiff has an interest in the decree and (2) the decree has an adverse effect on the plaintiff. These jurisdictional requirements have been satisfied because Article Sixth of the will gives the plaintiff discretion to amend the will to fulfill the charitable purposes of the trust. See PontonCT Page 11336v. Quinn, superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 032884 (April 3, 1991, Fuller, J.) (Finding that "[t]he interest must appeal from the appeal itself or on the face of the proceedings and records of the Probate Court attached to the appeal or at least incorporated by reference"). Here, Article Sixth was incorporated by reference. Accordingly, the defendant's motion to dismiss #102 is denied.
Karazin, J.